Jack C. Morgan and Leona S. Morgan v. Commissioner.
Morgan v. Commissioner
Docket No. 1587-64.
United States Tax Court
T.C. Memo 1966-160; 1966 Tax Ct. Memo LEXIS 129; 25 T.C.M. (CCH) 849; T.C.M. (RIA) 66160; June 30, 1966
*129 Jack C. Morgan, pro se, Route #1, Box 19-P, Willits, Calif. Joseph Nadel, for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $265.41 in income tax of the petitioners' for 1962. The petitioners allege that the Commissioner erred in disallowing a deduction of $46.40 claimed for medical expenses and one of $1,160 claimed "on Travel Expenses." Findings of Fact The petitioners, husband and wife, filed a joint federal income tax return for 1962 with the director of internal revenue for the district of San Francisco. The petitioners resided near Willits, California. A deduction of $1,160 was claimed on the return for "Auto Expense and Promotional Expenses for Co. business" and was itemized as follows: "10,000 miles at 9" per mile
$ 900.00
Promotional expenses
260.00
$1,160.00"
Jack had been employed by Willits Redwood Products Company for about 15 years. The company felled trees and finished the wood for delivery to customers. Jack acted as purchasing agent for equipment and supplies and as a maintenance man for the equipment and an intercompany communication system. One car, which *130 Jack owned, he used only to drive to and from work and for attending to his work for the company during the day. The company, pursuant to a long standing arrangement between it and Jack, did not compensate him in any way except by his salary of $6,000 for the year. Jack paid the entire cost of operating the car. The $900 which was deducted on the 1962 return was intended to represent the cost of gas, oil and tires and depreciation. Opinion MURDOCK, Judge: The pleadings do not show how the deficiency was determined. Jack C. Morgan was the only witness. The only issue between the parties is whether the petitioners were entitled to a deduction of $900 for automobile expense and one of $260 for the cost of meals and libations furnished by Jack to persons with whom he dealt on behalf of his employer, Willits Redwood Products Company. He told in general terms how he used the car and how he computed the $900, but he gave no details such as mileage involved, cost of oil, gas, or tires, per mile or the method of computation or amount of depreciation deducted. The company knew of his use of his car but did not reimburse him for that use except through his salary of $6,000. It would *131 be clearly wrong to allow him no deduction for his automobile expense but he has given the Court little factual information to support any definite amount. The Court, bearing most heavily upon the petitioners, who have the burden of proof, has concluded that a deduction of $600 for business automobile expense for 1962 is proper. . The situation with respect to the entertainment expenses is similar - Jack is entitled to a deduction in some amount but how much is not clear. Here our conclusion is that the deduction should be $160. The alleged reduction in the medical expense deduction was purely mathematical, due to the increase in gross income resulting from the disallowance of the $1,160 claimed as a business expense. It can be corrected under Rule 50. Decision will be entered under Rule 50.